## No. 590
### VESPO v. DONOFRIO

Ohio Appeals, 9th Dist., Summit Co.

No. 1032.   Decided June 3, 1925

923. PLEADINGS—Admission of indorsement of note does note preclude party making it from availing himself of other affirmative defenses set forth in answer.

147. BILLS AND NOTES—Indorser of note not liable when holder is a prior holder from another, and not a subsequent holder in due course from said indorser; there being no evidence showing consideration for such indorsement.

2. Failure to pay one installment of a note previous to endorsement, the whole paper is dishonored.

PARDEE, J.

Feb. 25, 1920 Charles and Laura Matz made and delivered a mortgage note for $2000 to Mike Vespo and Charles Board. In May 1920 the mortgaged real estate was sold by the Matzs to the Hitchings, who agreed to pay the note and mortgage.

In Feb. 1923 the Standard Mortgage Co. which held a third mortgage, instituted foreclosure and Dominic Donofrio, having purchased the Vespo and Board note, and mortgage, being made a defendant to the action, filed an answer and cross-petition setting up his mortgage and seeking to hold Vespo on his indorsement.

It seems that Donofrio bought the interest of Board in said note and at that time obtained its possession. Soon after Vespo sold his one half interest in the note and mortgage to one, Buzzelli, but Vespo did not at that time indorse the note. Buzzelli, a week later sold, for a valuable consideration, the one-half share purchased from Vespo, to Donofrio, so that Donofrio having paid the full purchase price of the note, Vespo and Board indorsed the note on Feb. 1, 1921. The case was tried in the Summit Common Pleas without a jury and the court held that Vespo was liable on his indorsement.

Error was prosecuted and Vespo denied that the note had been presented and dishonored and that notice of such dishonor had been given to him as required by law, and he also denied waiver of presentment and dishonor and denied liability on his indorsement claiming that Donofrio was not a holder in due course. The Court of Appeals held:

1. The one question for decision is: does the evidence show that the note was negotiated as contemplated by 8135 GC? and did Vespo engage to Donofrio as a subsequent holder in due course that on due presentment, the note would be paid according to its tenor and that,

if it be dishonored and the necessary proceedings on dishonor being duly taken, he would pay the amount thereof to the holder, or to any subsequent indorser who might be compelled to pay it?

2. The evidence in this case clearly shows that Donofrio was a prior holder and owner of said note and had been for some time prior to the date of indorsement; and that at the time of his indorsement, several of the monthly installments had not been paid in accordance with the tenor of said note, and that it had been dishonored as provided in 8157 GC. "That he became the holder of it before it was overdue and without notice that it previously had been dishonored, if such was the fact."

3. "All authorities agree that when the principal of a note is payable by installments and one installment is overdue and unpaid, at the time the paper is indorsed and transferred, the whole paper is dishonored.

4. Vespo did not sell the note to Donofrio and had made no agreement with him to indorse the note. Vespo merely signed same to perfect the title which Donofrio already had, and which, he had acquired from another.

5. Donofrio being a "prior" holder from others, and not a "subsequent holder in due course" from Vespo, and there being no claim or evidence that there was any consideration from Vespo's indorsement, he was not liable as an indorser for the payment of said note when it became due, in case of default of the makers thereof.

6. Giving Vespo's answer and cross-petition the liberal construction required by the Code, the fact that he admitted that he indorsed said note, does not preclude him from availing himself of the other affirmative defenses set forth in his answer.

Judgment reversed and cause remanded.

Attorneys—E. G. Hammond for Vespo; Grant, Thomas & Buckingham for Donofrio; all of Akron.